# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KITSAP COUNTY, a political subdivision of the State of Washington, | No. 50574-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| KITSAP RIFLE AND REVOLVER CLUB, a not-for-profit corporation registered in the State of Washington, | |
| Appellant. | |
| IN THE MATTER OF THE UNPERMITTED SHOOTING FACILITY located at the 72-acre parcel at 4900 Seabeck Highway NW, Bremerton Washington, viz Kitsap County Tax Parcel ID No. 362501-4-002-1006. | |

MAXA, C.J. – The Kitsap Rifle and Revolver Club (Club) appeals the trial court's order granting a permanent injunction in response to Kitsap County's petition for further relief to enforce the court's earlier entry of a declaratory judgment.

Earlier in this action, the trial court granted summary judgment on the County's declaratory judgment claim and ruled that the Club's operation of a shooting facility without an operating permit violated Kitsap County Code (KCC) 10.25. The Club appealed that ruling. When the Club continued to operate a shooting facility despite its failure to obtain an operating permit, the County sought further relief under RCW 7.24.080. The trial court granted the County's request for a permanent injunction, which enjoined the Club from operating a shooting

facility until it obtained an operating permit under KCC 10.25. The trial court did not obtain consent from the appellate court to issue the injunction.

We hold that (1) the trial court had the authority to enter the permanent injunction under RCW 7.24.080 after final judgment was entered because the permanent injunction did not modify and instead merely enforced the declaratory judgment, (2) the trial court had the authority under RAP 7.2(e) to enter the permanent injunction while the Club's appeal of the declaratory judgment was pending because the permanent injunction enforced the declaratory judgment, and (3) the Club received sufficient procedural due process and was not entitled to an evidentiary hearing. Accordingly, we affirm the trial court's entry of the permanent injunction.

FACTS

*KCC 10.25*

In 2014, Kitsap County enacted KCC 10.25 concerning the lawful discharge of firearms in the county. KCC 10.25.090 governs operating permits for shooting facilities, and requires that shooting ranges already in existence apply for and obtain an operating permit from the County's Department of Community Development (DCD). In addition, the ordinance requires shooting facilities to meet detailed standards. KCC 10.25.090(4).

Under KCC 10.25.090(1), a shooting facility's failure to obtain an operating permit as KCC 10.25 requires results in "closure of the range until such time [as] a permit is obtained." Shooting facilities operating "without a permit are subject to code compliance enforcement, including but not limited to injunctive relief." KCC 10.25.090(1). The effective date of KCC 10.25 was December 22, 2014.

As of December 2014, the Club operated a shooting facility in the Bremerton area. The Club did not apply for an operating permit within 90 days of KCC 10.25's effective date as required by KCC 10.25.090(2).

*Lawsuit and Summary Judgment*

In March 2015, the County filed a lawsuit against the Club, requesting a declaration that the Club was in violation of KCC 10.25 and an injunction to prevent the Club from operating its shooting facility until it received an operating permit. In April, the trial court entered a preliminary injunction enjoining the Club from operating its shooting facility until it had submitted an operating permit application to DCD.

A year later, in March 2016, the Club finally submitted an application for an operating permit. On April 7, the trial court granted the Club's motion to dissolve the preliminary injunction.

On April 20, the trial court heard argument on the County's motion for summary judgment. The County informed the court that it no longer sought a permanent injunction. Instead, the County requested a declaratory ruling that the Club's operation of a shooting facility without an operating permit violated KCC 10.25.

In a May 31 order, the trial court granted summary judgment in favor of the County on its claim for declaratory relief. The court ruled that KCC 10.25 was enforceable against the Club's shooting facility and that operation of the facility without an operating permit violated KCC 10.25. On August 8, the court entered a final judgment confirming and adopting the May 31 summary judgment order. The court's order stated, "There are no remaining issues to be

resolved by this Court." Clerk's Papers (CP) at 33. The Club appealed the summary judgment order.[1]

*Lapse of March 2016 Permit Application*

After the Club submitted the March 2016 permit application, David Lyman of DCD determined that the Club needed to provide extensive additional information to complete its application. On May 3, Lyman sent the Club a written request for this information. Under KCC 21.04.200(B)(1), the Club had 90 days to provide the additional information requested.

By August 1, the Club's deadline to submit additional information, DCD had not received any additional materials from the Club. Under KCC 21.04.200(B)(1), "[i]f the applicant does not submit the required information within the ninety-day period, the project permit application shall automatically expire." Lyman informed the Club in writing on August 23 that the application had lapsed, but the Club did not respond.

Despite the lapse of its operating permit application, the Club continued to operate a shooting facility. The Club's website encouraged members in August 2016 to come to the shooting range for shooting activities and listed practice events and matches on the Club's calendar. The County continued to receive regular complaints from the Club's neighbors indicating that there was ongoing shooting occurring on the property.

*County's Petition for Further Relief and Second Permit Application*

In September, the County filed with the trial court a petition for further relief under RCW 7.24.080, which sought a permanent injunction preventing the Club from operating a shooting facility until the Club obtained an operating permit as required under KCC 10.25 and the trial

---

[1] This court ultimately affirmed the trial court's summary judgment order. *Kitsap County. v. Kitsap Rifle & Revolver Club*, 1 Wn. App. 2d 393, 399, 405 P.3d 1026 (2017), *rev. denied*, 190 Wn.2d 1015 (2018).

court's May 31 declaratory judgment order. A hearing on the petition was noted for September 29.

On September 27, the Club filed its opposition to the County's petition. The Club also filed a declaration regarding factual issues. On the morning of September 29, the Club submitted a second application to DCD for an operating permit. As a result, the trial court continued the hearing on the County's petition for further relief to February 2, 2017 so DCD could review the Club's second application.

After an initial review of the Club's second application, DCD determined that the submission was essentially the same as the Club's first application. On October 17, 2016 Lyman again wrote to the Club requesting the same additional information he previously had requested and informing the Club of the 90-day deadline to respond.

On January 9, 2017, Barbara Butterton, chair of the Club's permit application committee, requested clarifying information from DCD. Lyman responded to Butterton's requests on January 12, reminding her in the same correspondence that the Club's deadline to submit additional information was January 15.

Also on January 12, the Club requested a 90-day extension to provide the additional information to DCD. Lyman determined that an extension was not warranted because the Club essentially had resubmitted the same material as the March 2016 application, which Lyman had first informed the Club in May 2016 needed supplementation. DCD denied the requested extension and stated that the application had expired.

DCD then formally denied the Club's second application for a permit. DCD's final written decision, sent to the Club on January 30, 2017 explained that the Club could appeal the

decision through the hearing examiner process. The Club filed an administrative appeal of DCD's decision.

*Order Granting Permanent Injunction*

On February 2, the trial court held a hearing on the County's petition for further relief. Before the hearing, Lyman filed a declaration with attachments updating the status of the Club's second application. The Club also submitted an additional declaration with over 1,800 pages of attachments. The Club asked the trial court either to require DCD to grant a 90-day extension on its permit application or to hold an evidentiary hearing regarding DCD's denial. On February 10, the trial court denied the Club's request for an extension, noting that the Club must first exhaust its administrative remedies. The court also denied the Club's request for an evidentiary hearing.

On March 24, as required under RCW 7.24.080, the trial court entered a detailed order summarizing the facts and directing the Club to appear and to show cause why the County's petition for further relief should not be granted. The Club again submitted an additional declaration. The show cause hearing occurred on March 31. The Club argued that it was attempting to complete the permit application process in good faith while the County was holding the Club to unfair standards. The Club did not renew its request for an evidentiary hearing.

The trial court orally granted the County's petition for further relief under RCW 7.24.080 and stated that it would enter the requested permanent injunction. The court noted that although the case was on appeal, it did not need permission from the appellate court to enter the injunction because "[t]he relief that is being sought is solely to enforce that declaratory judgment. It is not

to seek the change of the court's original granting of summary judgment." Report of Proceedings (RP) (March 31, 2017) at 7-8.

On June 12, the trial court entered an order issuing the permanent injunction, which included findings of fact and conclusions of law. The court granted the County's motion for further relief pursuant to RCW 7.24.080. The court enjoined the Club from operating a shooting facility on its property until the Club obtained an operating permit in compliance with KCC 10.25. The Club appeals the order entering the permanent injunction.

## ANALYSIS

A.     ISSUANCE OF PERMANENT INJUNCTION AFTER DECLARATORY JUDGMENT

The Club argues that the trial court's entry of a final judgment on the May 2016 summary judgment order granting declaratory relief removed the court's authority to subsequently enter a permanent injunction. We disagree.

1.     Standard of Review

In general, we review a trial court's grant of an injunction and the terms contained in the injunction for abuse of discretion. *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000). "Trial courts have broad discretionary power to fashion injunctive relief to fit the particular circumstances of the case before it." *Hoover v. Warner*, 189 Wn. App. 509, 528, 358 P.3d 1174 (2015). A trial court abuses its discretion if its decision is based upon untenable grounds or the decision is manifestly unreasonable or arbitrary. *Kucera*, 140 Wn.2d at 209.

However, whether a trial court has authority to issue an injunction is a question of law that we review de novo. *See Kave v. McIntosh Ridge Primary Rd. Ass'n*, 198 Wn. App. 812, 819, 394 P.3d 446 (2017).

2.  Authority Under RCW 7.24.080[2]

Under the Uniform Declaratory Judgment Act, chapter 7.24 RCW, trial courts have the authority to declare the rights of the parties and such a declaration has the force and effect of a final judgment. RCW 7.24.010. In addition, RCW 7.24.080 states, "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper." RCW 7.24.080 codifies "the principle that every court has inherent power to enforce its decrees and to make such orders as may be necessary to render them effective." *Ronken v. Bd. of County Comm'rs of Snohomish County*, 89 Wn.2d 304, 311-12, 572 P.2d 1 (1977).

"Further relief" under RCW 7.24.080 may include the entry of a permanent injunction. *City of Union Gap v. Printing Press Props., LLC*, 2 Wn. App. 2d 201, 233, 409 P.3d 239, *rev. denied* 191 Wn.2d 1003 (2018); *see also Ronken*, 89 Wn.2d at 311 (stating that combining declaratory relief and injunctive relief is proper).

Here, the County expressly sought further relief under RCW 7.24.080. And the trial court issued the permanent injunction based on RCW 7.24.080. The issue under RCW 7.24.080 is whether the permanent injunction here was necessary or proper. We hold that the trial court had authority to issue the permanent injunction under RCW 7.24.080 because the injunction was necessary to implement its declaratory judgment order.

The trial court's declaratory judgment established that the Club's operation of a shooting facility without an operating permit violated KCC 10.25. However, even after the trial court's

---

[2] The County also claims that the trial court had authority to enter the permanent injunction (1) under KCC 10.25.090(1), which states that shooting facilities that operate without a permit are subject to injunctive relief; and (2) based on its inherent equitable powers granted to superior courts by article IV, section 6 of the Washington Constitution. However, the County's motion for the permanent injunction was based on RCW 7.24.080. Because we hold that the trial court had authority to issue the permanent injunction under RCW 7.24.080, we need not address the County's other claims of authority.

order, the Club continued to violate KCC 10.25 by operating its shooting facility without an operating permit. Therefore, without further relief the trial court's declaratory judgment was meaningless. We hold that the trial court had authority under RCW 7.24.080 to issue the permanent injunction because the injunction was "necessary" to implement the declaratory judgment order.

The Club makes several related arguments based on the fact that the trial court entered a final judgment when it granted summary judgment on the County's claim for declaratory relief. First, the Club argues that RCW 7.24.080 is inapplicable because the trial court's permanent injunction did not merely enforce the final declaratory judgment, but instead substantially modified that judgment. The Club cites *Kemmer v. Keiski*, 116 Wn. App. 924, 68 P.3d 1138 (2003), for the proposition that a substantial modification of a final judgment must be accomplished under CR 60.

However, the trial court's permanent injunction order did not modify its declaratory judgment in any way. Instead, the injunction closely tracked the declaratory judgment. The declaratory judgment stated that "KCC 10.25 is enforceable against [the Club's] shooting range facility, and operation of the shooting facility without an operating permit is a violation of Chapter 10.25 KCC." CP at 2188. The permanent injunction enjoined the Club "from operating a shooting facility on its Property until it obtains an Operating permit in compliance with KCC Chapter 10.25." CP at 2082.

This case is much different than *Kemmer*, where the trial court entered a judgment granting a 12-foot easement and then entered a second judgment expanding that easement to 30 feet at some points. 116 Wn. App. at 927, 931. The court held that the second judgment was precluded by the first judgment because it was not merely a clarification of the prior judgment,

9

but constituted "a substantial and significant modification." *Id.* at 934. Here, the injunction was a means to force the Club to comply with the declaratory judgment. RCW 7.24.080 authorizes such further relief without the need to invoke CR 60.

Second, the Club focuses on the language of the trial court's final judgment, which stated that "[t]here are no remaining issues to be resolved by this Court." CP at 33. The Club again cites *Kemmer*, 116 Wn. App. at 932, for the proposition that a final judgment that disposes of all claims precludes all further proceedings in the same case. The Club argues that once the trial court entered a final judgment, it had no authority to grant new relief except under CR 60.

However, RCW 7.24.080 necessarily contemplates that the trial court has authority to grant further relief after a final declaratory judgment has been entered. If a trial court could never grant further relief after judgment without going through the CR 60 procedure, RCW 7.24.080 would be superfluous.

Third, the Club suggests that the County waived its ability to obtain a permanent injunction when it informed the trial court during the summary judgment argument that it no longer was seeking a permanent injunction. The summary judgment order noted that "the County stated that it no longer seeks a permanent injunction, and that it only seeks a declaratory judgment." CP at 2184. But the Club cites no authority to support its position that a party who decides not to request a permanent injunction when the trial court enters a declaratory judgment cannot seek a permanent injunction as further relief under RCW 7.24.080.

Fourth, the Club argues that the permanent injunction cannot be justified on the grounds that it was a mere clarification of the 2015 preliminary injunction that was dissolved in April 2016. But the trial court did not base its entry of the permanent injunction on the dissolved temporary injunction, and the County does not argue that the permanent injunction represented a

10

clarification of the temporary injunction. Accordingly, we hold that the trial court had authority to enter the permanent injunction under RCW 7.24.080.

B.      ISSUANCE OF PERMANENT INJUNCTION DURING APPEAL

The Club argues that because there was a pending appeal of the May 2016 summary judgment order granting declaratory relief, under RAP 7.2(e) the trial court had no authority to enter a permanent injunction without the consent of the appellate court. We disagree.

RAP 7.2(e) provides that after an appeal the trial court may hear and determine postjudgment motions and actions to modify a decision, but "[i]f the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision." However, RAP 7.2(c) also expressly states that after the appellate court has accepted review in a civil case, "the trial court has authority to enforce any decision of the trial court."

As discussed above, the permanent injunction did not change the declaratory judgment. The injunction merely enforced the declaratory judgment. The trial court expressly noted the limited nature of the relief it was granting: "The relief that is being sought is solely to enforce that declaratory judgment. It is not to seek the change of the court's original granting of summary judgment. Accordingly, I find that permission of the Court of Appeals is not required for issuing the final entry of a permanent injunction." RP (March 31, 2017) at 7-8. As a result, RAP 7.2(e) authorized the trial court's entry of the permanent injunction without the appellate court's consent.

The Club argues that the permanent injunction changed the declaratory judgment for purposes of RAP 7.2(e) because the injunction will remain in place until the County issues an operating permit, which is out of the Club's control. The Club apparently compares the

permanent injunction with the temporary injunction, which remained in place until the Club

*applied* for a permit. But the trial court's declaratory judgment expressly stated that the Club's

operation of a shooting facility without an operating permit was in violation of KCC 10.25. The

permanent injunction tracked that language.[3]

Accordingly, we hold that the trial court did not err in issuing the permanent injunction

even though the appeal of the declaratory judgment was pending.

C.      SUFFICIENCY OF PROCEDURAL DUE PROCESS

The Club argues that the trial court erred in issuing the permanent injunction without

holding an evidentiary hearing on the factual issues that arose after the court's declaratory

judgment. The Club claims that due process required a full hearing on the merits of these factual

issues before the trial court could enter the permanent injunction.[4] We disagree.[5]

---

[3] The Club seems to suggest that it was improper to issue a permanent injunction based on the County's approval of a permit, which was entirely within the County's control. But the Club apparently relies only on the law of contempt, which is not analogous to a permanent injunction to enforce a declaratory judgment.

[4] The Club asserts that it does not "explicitly challenge any findings, since its procedural due process rights were violated, and the purposed findings are tainted for that reason." Br. of App. at 3-4. We treat unchallenged findings of fact as verities on appeal. *Kitsap Rifle*, 184 Wn. App. at 267. Unchallenged conclusions of law become the law of the case. *Rush v. Blackburn*, 190 Wn. App. 945, 956, 361 P.3d 217 (2015). The Club does not challenge any specific finding of fact or conclusion of law entered by the trial court in its order granting the permanent injunction. Accordingly, we need not review the sufficiency of the permanent injunction's findings of fact or conclusions of law.

[5] The Club did not include the lack of an evidentiary hearing in its assignments of error or in its statement of issues relating to the assignments of error. However, the Club's briefs discuss the alleged need for an evidentiary hearing at some length. Therefore, we consider this issue. *See Union Elevator & Warehouse Co. v. State*, 144 Wn. App. 593, 601, 183 P.3d 1097 (2008).

### 1. Legal Principles

The Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution prohibit the government from depriving a person of life, liberty, or property without due process of law. "When a state seeks to deprive a person of a protected interest, procedural due process requires that an individual receive notice of the deprivation and an opportunity to be heard to guard against erroneous deprivation." *Amunrud v. Bd. of Appeals*, 158 Wn.2d 208, 216, 143 P.3d 571 (2006). "Due process is a flexible concept; the level of procedural protection varies based on circumstance." *Aiken v. Aiken*, 187 Wn.2d 491, 501, 387 P.3d 680 (2017). Whether the trial court's proceedings afforded the Club due process is a question of law that we review de novo. *See id.*

RCW 7.24.080 provides that when the trial court deems a petition for further relief to be sufficient, "the court shall, on reasonable notice, require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith."

### 2. Analysis

The Club argues that due process required an evidentiary hearing before the court entered the permanent injunction because the court considered new issues that arose after the entry of the declaratory judgment. The County argues that the Club's due process rights were satisfied through the multiple opportunities it had to be heard, including the show cause hearing required by RCW 7.24.080. We agree with the County.

First, the Club cites no authority for the proposition that an evidentiary hearing is required for the court to grant further relief under RCW 7.24.080. The Club also provides no analysis to support the conclusion that an evidentiary hearing is required in this situation.

Second, RCW 7.24.080 provides the necessary procedural requirements before further relief can be granted: reasonable notice and the ability for the adverse party to show cause why relief should not be granted. These requirements fulfill the fundamental due process concepts of notice and the opportunity to be heard. The Club has not challenged the constitutionality of RCW 7.24.080 on due process grounds.

Third, the very nature of an action for further relief based on a declaratory judgment requires the trial court to make factual findings relating to events that occurred after the entry of a declaratory judgment. Despite the need for additional factual development, RCW 7.24.080 does not require an evidentiary hearing.

Fourth, the Club had ample opportunity to present evidence and argument to the trial court. The parties appeared before the trial court in three separate hearings on the County's petition, September 29, 2016, February 2, 2017, and March 31, 2017 (the show cause hearing). The Club submitted voluminous legal briefs and declarations to the court in advance of these hearings. The trial court heard oral argument at the September 29 and February 2 hearings and even requested additional briefing from the parties in advance of the March 31 show cause hearing. This process was constitutionally adequate as well as adequate under RCW 7.24.080.

The Club cites a case from this court stating that the purpose of a preliminary injunction is to preserve the status quo "until the trial court can conduct a full hearing on the merits." *SEIU Healthcare 775NW v. Dep't of Soc. & Health Servs.*, 193 Wn. App. 377, 392, 377 P.3d 214 (2016). The Club apparently contends that this case supports a rule that the trial court must conduct an evidentiary hearing before granting further relief under RCW 7.24.080. However, the court in *SEIU* did not address whether an *evidentiary* hearing is required before the trial court can issue a permanent injunction or challenge the hearing requirements under RCW 7.24.080.

The Club also argues that because there were disputed factual issues that arose between entry of the declaratory judgment and entry of the permanent injunction, the trial court was precluded from entering judgment under the summary judgment principles of CR 56. The Club argues that an evidentiary hearing was required to resolve these factual issues. But the trial court here was addressing a motion for further relief under RCW 7.24.080, not a summary judgment motion. The Club has presented no authority for the proposition that, in deciding whether to grant further relief under RCW 7.24.080, a trial court cannot resolve disputed factual issues based on the parties' declarations without holding an evidentiary hearing.

We hold that the trial court did not violate the Club's due process rights in issuing the permanent injunction without holding an evidentiary hearing.

## CONCLUSION

We affirm the trial court's entry of the permanent injunction enjoining the Club from operating a shooting facility until it obtained an operating permit under KCC 10.25.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

JOHANSON, J.P.T.

LEE, J.

15